UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JACKIE LEE KING SKEELS, | ) | 1:11-cv-00546-AWI-JLT HC |
|         Petitioner, | )<br>) | FINDINGS AND RECOMMENDATIONS TO SUMMARILY DISMISS PETITION FOR |
|    v. | )<br>) | WRIT OF HABEAS CORPUS |
| JAVIER CAVAZOS, Acting Warden, | )<br>) | ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |
|         Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 1, 2011, Petitioner filed the instant petition for writ of habeas corpus. (Doc. 1). Petitioner challenges the California court decisions upholding a April 22, 2009, decision by then-California Governor Arnold Schwarzenneger reversing a decision of the California Board of Parole Hearings ("BPH") that had previously found Petitioner suitable for parole. Petitioner claims the California courts unreasonably determined that the Governor's decision was supported by some evidence despite the fact that it ignores the rationale of the BPH finding Petitioner suitable for parole, that it contains no "rational nexus" between the facts of the case and Petitioner's present degree of dangerousness, and that is contrary to the psychological evidence.

///

I. <u>Preliminary Screening of the Petition</u>.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see also Hendricks v. Vasquez</u>, 908 F.2d 490 (9th cir. 1990). Habeas Rule 2( c) requires that a petition (1) specify all grounds of relief available to the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski</u>, 915 F.2d at 420. Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks</u>, 908 F.2d at 491.

Further, the Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir.2001).

II. <u>Failure to State a Claim Cognizable Under Federal Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on April 1, 2011, and thus, it is subject to the provisions of the AEDPA.

Here, Petitioner alleges that she is an inmate of the California Department of Corrections and Rehabilitation who is serving a sentence of 25 years-to-life imposed in the Madera County Superior Court after Petitioner's 1983 conviction for first degree murder. (Doc. 1, p. 1; 9). Petitioner does

not challenge either her conviction or sentence; rather, Petitioner challenges the decision of the Governor of the State of California rescinding the BPH's earlier finding that Petitioner was suitable for parole.

Petitioner raises the following grounds for relief: (1) the Governor's reversal of the BPH decision violated Petitioner's due process rights because his reasoning was in direct opposition to the BPH's decision; (2) the psychological evaluation of Petitioner did not support the Governor's decision; and (3) no rational nexus exists to support the Governor's decision.  (Doc. 1, pp. 4-5).

A.  Substantive Due Process Claims And California's "Some Evidence" Standard

As discussed more fully below, the claims in the petition sound exclusively in substantive federal due process and therefore are not cognizable in these proceedings.

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2254(a)(, 2241( c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7, 120 S.Ct. 1495 (2000); Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); see also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Because California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals has held that California law creates a liberty interest in parole that may be enforced under the Due Process

Clause. Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.2010); Pearson v. Muntz, 606 F.3d 606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (2010), *rev'd*, Swarthout v. Cooke, ___ U.S.___, ___ S.Ct. ___, 2011 WL 197627 (Jan. 24, 2011). The Ninth Circuit instructed reviewing federal district courts to determine whether California's application of California's "some evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light of the evidence. Hayward v. Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v. Cooke, 562 U.S.___, ___ S.Ct. ___, 2011 WL 197627 (No. 10-133, Jan. 24, 2011). In that decision, the United States Supreme Court characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment's Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout, 2011 WL 197627, *2.

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S.Ct. 2100 (1979).[1] Swarthout v. Cooke, 2011 WL 197627, *2. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. In doing so, the High Court stated as follows:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures requires are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 2011 WL 197627, *2.

The Court concluded that the petitioners had received the due process to which they were due:

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole and that due process is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 15-16. The decision maker is not required to state the evidence relied upon in coming to the decision. Id.

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied...
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 2011 WL 197627, *3.  The Court went on to expressly point out that California's "some evidence" rule is not a substantive federal requirement, and correct application of the State's "some evidence" standard is not required by the federal Due Process Clause.  Id. at *3.  The Supreme Court emphasized that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business."  Id.

Swarthout thus forecloses any claim premised upon California's "some evidence" rule because this Court cannot entertain substantive due process claims related to a state's application of its own laws.  Here, the claims in the petition all sound exclusively in substantive due process and are therefore foreclosed by Swarthout.

In California, the Governor has the authority to review all decisions of the BPH and all materials provided to the parole authority.  Cal. Pen. Code § 3041.2(a).  If the Governor "decides to reverse or modify a parole decision of a parole authority pursuant to subdivision (b) of Section 8 of Article V of the Constitution, he or she shall send a written statement to the inmate specifying the reasons for his or her decision."  Cal. Pen. Code § 3041.2(b).[2]  Under California law, the Governor's discretion is not unfettered and his parole decision must be based upon the same factors that the BPH is required to consider.  Cal. Const. art. V, § 8(b); Sanchez v. Kane, 444 F. Supp. 2d 1049 (C.D. Cal. 2006), *affirmed in part, reversed in part* 215 Fed. Appx. 698, 2006 WL 3836135; see In re Prather, 50 Cal.4th 238 (2010); In re Scott, 133 Cal.App.4th 573 (2005).  Although the Governor's parole decision must be based on the same factors as those considered by the BPH, the Governor undertakes

---

[2] Article V, section 8(b) of the California Constitution provides as follows: "No decision of the parole authority of this state with respect to the granting, denial, revocation, or suspension of parole of a person sentenced to an indeterminate term upon conviction of murder shall become effective for a period of 30 days, during which the governor may review the decision subject to procedures provided by statute. The Governor may only affirm, modify, or reverse the decision of the parole authority on the basis of the same factors which the parole authority is required to consider. The Governor shall report to the Legislature each parole decision affirmed, modified, or reversed, stating the pertinent facts and reasons for the action."

an independent, de novo review of the parole applicant's suitability for parole; thus the Governor has the discretion to be more stringent or cautious in determining whether a parole applicant poses an unreasonable risk to public safety. In re Shaputis, 44 Cal.4tgh 1241 (2008).

From the perspective of Swarthout, the Court can find no meaningful legal distinction between a habeas petition that challenges the BPH's decision as a violation of due process because, for example, it is not supported by "some evidence," and a petition challenging the Governor of California's decision to reverse the BPH's decision to grant parole based on that same lack of "some evidence." Swarthout forecloses any claim premised upon California's "some evidence" rule because this Court cannot entertain substantive due process claims related to a State's application of its own laws. Here, the three claims in the petition sound entirely in substantive due process and are therefore foreclosed by Swarthout. Review of the record for "some evidence" to support the Governor's rescission of the BPH findings  or for a "nexus" between present dangerousness and certain indicia, or reliance upon the circumstances of the commitment offense to reverse the BPH, are tasks that are simply not within the scope of this Court's habeas review under 28 U.S.C. § 2254. Accordingly, the three claims in the instant petition should be summarily dismissed.

Moreover, to the extent that this claim rests solely on state law, it is not cognizable on federal habeas corpus. Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991). Alleged errors in the application of state law are not cognizable in feeral habeas corpus. Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002). Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989). ]

B.   Procedural Due Process

Petitioner has neither claimed nor established a violation of his federal right to procedural due process. Petitioner has included a transcript of the BPH hearing and a copy of the Governor's order rescinding the BPH's decision. (Doc. 1, p. 24 et seq.). From that transcript, it is clear that Petitioner was present at the BPH hearing (id., p. 24), that she had an opportunity to be heard (e.g., id., pp. 33-56), that she was represented by counsel who also attended the hearing and argued on

1  Petitioner's behalf  (e.g., id., p. 93), and that Petitioner received a statement of the Board's reasons
2  for granting  parole.  (Doc. 1, pp. 97-116).  Further, after the governor reviewed the materials and
3  decisions, Petitioner received the governor's statement of reasons for rescinding the BPH's decision.
4  (Doc. 1, pp. 121-125 ).

5  According to the Supreme Court, this is "the beginning and the end of the federal habeas
6  courts' inquiry into whether [the prisoner] received due process." Swarthout, 2011 WL 197627.
7  "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16. Therefore, the
8  instant petition does not present cognizable claims for relief and should be summarily dismissed.

### **RECOMMENDATION**

10  For the foregoing reasons, the Court HEREBY RECOMMENDS that the instant petition for
11  writ of habeas corpus (Doc. 1), be SUMMARILY DISMISSED for failure to state a claim upon
12  which federal habeas relief can be granted.

13  This Findings and Recommendation is submitted to the United States District Court Judge
14  assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of
15  the Local Rules of Practice for the United States District Court, Eastern District of California.
16  Within twenty (20) days after being served with a copy, any party may file written objections with
17  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
18  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and
19  filed within ten (10) court days (plus three days if served by mail) after service of the objections.
20  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The
21  parties are advised that failure to file objections within the specified time may waive the right to
22  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

24  IT IS SO ORDERED.
25  Dated:   **May 4, 2011**             /s/ **Jennifer L. Thurston**
                                   UNITED STATES MAGISTRATE JUDGE